UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| STANDING TREES, INC.,<br><br>     Plaintiff,<br><br>v.<br><br>UNITED STATES FOREST SERVICE;<br>DEREK IBARGUEN, in his official capacity as Supervisor of the White Mountain National Forest;<br>BROOKE BROWN, in her official capacity as the District Ranger for the Pemigewasset Ranger District;<br>JOSHUA SJOSTROM, in his official capacity as the District Ranger for the Androscoggin Ranger District,<br><br>     Defendants. | Case No. 1:24-cv-00138-JL-TSM |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S COMPLAINT
FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

Defendants United States Forest Service; Derek Ibarguen, in his official capacity as Supervisor of the Mountain National Forest; Brooke Brown, in her official capacity as the District Ranger for the Pemigewasset Ranger District; and Joshua Sjostrom, in his official capacity as the District Ranger for the Androscoggin Ranger District (Defendants) respond to Plaintiff Standing Tree's May 16, 2024 Complaint for Declaratory Judgment and Injunctive Relief (DN 1) as follows:

1. Plaintiff alleges two integrated resource projects on the White Mountain National Forest violate various statutes. DN 1, ¶¶ 1, 3, 11. The District Ranger for the Pemigewasset Ranger District signed the Decision Notice for the Tarleton Integrated Resource Project on November 13, 2023. *Id.* ¶ 31. The District Ranger for Androscoggin Ranger District signed the Decision Notice for the Peabody West Integrated Resource Project on

February 7, 2024. *Id.* ¶ 32. Plaintiff alleges Defendants violated provisions of the National Environmental Policy Act (NEPA), 42 U.S.C. §§ 4321-4370m, the National Forest Management Act (NFMA), 16 U.S.C. §§ 1600-1614, and the Administrative Procedure Act (APA), 5 U.S.C. § 701-706. DN 1, ¶¶ 178-218 (NEPA and APA), 219-229 (NFMA and APA).

2. Plaintiff brings its claims under the APA. DN 1 ¶¶ 13, 33. Under the APA, the Court's task is not to find facts, but to review the administrative record that was before the federal agency at the time it made the challenged decision to determine whether, as a matter of law, the record supports the agency's decision or whether the agency's decision is arbitrary, capricious or otherwise contrary to law. 5 U.S.C. § 706; *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729 (1985); *Lovgren v. Locke*, 701 F.3d 5, 20 (1st Cir. 2012) ("Our review is limited to the administrative record.").

3. Accordingly, judicial review of federal agency action is a unique procedure, different in both nature and scope from the procedures – such as Answers to Complaints – used to find facts and resolve civil actions within the original jurisdiction of the federal district courts. *Atieh v. Riordan*, 727 F.3d 73, 76 (1st Cir. 2013) ("APA review…involves neither discovery nor trial."); *id.* ("Allowing the allegations of a complaint to become the focal point of judicial review introduces an unnecessary and inevitably unproductive step into the process. The relevant inquiry is – and must remain – not whether the facts set forth in a complaint state a plausible claim but, rather, whether the administrative record sufficiently supports the agency's decision."); *see also Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1579 (10th Cir. 1994) (stating that a "complaint" (and, hence, and "answer") was not the appropriate vehicle for initiating judicial review under the APA);

*see* Fed. R. Civ. P. 26(a)(1)(B) (listing "an action for review on an administrative record" as a "Proceeding[] Exempt from Initial Disclosure").

4. The District of New Hampshire has adopted LR 40.1(a)(1), which creates an administrative track "for cases in which discovery is not permitted unless prior approval is obtained from the court." Administrative track cases "include…cases that can be resolved on the filings or by motion." *Id.*

5. In accordance with the standard for APA review, Defendants deny that the Tarleton Project and Peabody West Project are arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law. The Decision Notices and Findings of No Significant Impact comply with all applicable laws and regulations.

6. Defendants deny all violations of federal law alleged in Claims 1, 2, and 3 of the Complaint (DN 1, ¶¶ 178-218) that the challenged actions violate NEPA and the APA.

7. Defendants deny all violations of federal law alleged in Claim 4 of the Complaint (DN 1, ¶¶ 219-229) that the challenged actions violate NFMA and the APA.

8. Defendants deny that Plaintiff is entitled to any of the relief that it seeks.

9. Defendants generally deny any allegations of the Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

10. Defendants further assert the affirmative defenses of statute of limitations and waiver.

11. Accordingly, this matter should proceed with production of the Administrative Records and briefing on the merits of Plaintiff's challenge to the Forest Service's actions. Counsel for Defendants is conferring with counsel for Plaintiff about a proposed schedule. The parties plan to submit a joint case management plan.

Respectfully submitted,

Dated:  July 23, 2024.                    TODD KIM
                                          Assistant Attorney General
                                          Environment and Natural Resources Division
                                          United States Department of Justice

                                          /s/ John P. Tustin
                                          Texas Bar No. 24056458
                                          Senior Attorney
                                          Natural Resources Section
                                          P.O. Box 7611
                                          Washington, D.C. 20044-7611
                                          Phone:   (202) 305-3022
                                          Fax:     (202) 305-0275
                                          john.tustin@usdoj.gov

                                          JANE E. YOUNG
                                          United States Attorney