## UNITED STATES DISTRICT COURT
## FOR THE DISRICT OF NEW HAMPSHIRE

| | |
|---|---|
| STANDING TREES, INC., <br>     Plaintiff, <br><br> v. <br><br> UNITED STATES FOREST SERVICE, *et al.*, <br>     Defendants. | Case No. 1:24-cv-00138-JL-TSM |

### MOTION OF STATE OF NEW HAMPSHIRE FOR LEAVE TO FILE MEMORANDUM AS *AMICUS CURIAE* IN RESPONSE TO THE PARTIES' CROSS-MOTIONS FOR SUMMARY JUDGMENT

The State of New Hampshire hereby moves for leave to file a memorandum as *amicus curiae* in support of the defendants. The State is filing its memorandum contemporaneously with this motion, consistent with the deadline and other requirements set forth in the Court's Scheduling Order (Doc. 12-1). In support of its motion, the State asserts as follows:

1.     If approved, both the Peabody West and Tarleton projects at issue in this case will occur entirely within the State of New Hampshire ("State"). These proposed activities are designed to implement part of a larger plan governing management of the entire White Mountain National Forest entitled "White Mountain National Forest Land and Resource Management Plan" ("Forest Plan"). Over ninety percent of the White Mountain National Forest is located within the State. The ecosystem and natural environments of the White Mountain National Forest are also inextricably linked to the greater ecological health and vitality of the State. The

State is uniquely well-suited to provide information and viewpoints on areas of land over which it is sovereign.

2. Under State law, the New Hampshire Fish and Game Department and the New Hampshire Department of Natural and Cultural Resources are charged with preserving and managing the State's forests and wildlife. N.H. RSA 207 *et seq*.; N.H. RSA 227-G through L. Both the New Hampshire Fish and Game Department and the New Hampshire Department of Natural and Cultural Resources were involved in the long cooperative process leading to the issuance of the Forest Plan and also provided assistance and comments on the proposed Peabody and Tarleton projects at issue in this case. Although the federal government is best suited to address issues regarding its compliance with the National Environmental Policy Act and National Forest Management Act, the State has an interest in upholding the integrity of a process that lasted several years and involved thousands of comments from numerous stakeholders.

3. By impacting forestry practices in New Hampshire, the Court's decision may also have significant secondary effects on the State. First, it may have a significant financial impact on the State in terms of revenue from recreation activities and timber harvesting, which provides an important wood supply to local and regional mills and supports logging and trucking jobs in rural communities. The economic impact of proposed activities can be a relevant factor in evaluating a project's impacts. The Court should note that such a pecuniary interest does not preclude a party from participating as *amicus curiae*. Neonatology Assoc., P.A. v. C.I.R., 293 F.3d 128, 131-2 (3d Cir. 2002). Second, depending on the extent of the Court's decision, it may either sustain or impede the ability of the State, in coordination with the U.S. Forest Service, to manage vital New Hampshire forests in a manner that provides for valuable new-growth habitat essential for a wide range of wildlife species consistent with the Forest Plan.

    4.       The State intends to coordinate with the federal government to ensure that the State's memorandum does not merely duplicate the filings submitted by the defendants.

    5.       There are no local federal district court rules regarding participation as *amicus curiae*.  However, other districts have held that the Court has broad discretion to allow parties to participate as *amicus curiae* even though no rule specifically provides for it.  <u>Martinez v. Capital</u>, 909 F. Supp. 283, 286 (E.D. Pa. 1995).  Those rules that apply at the appellate level give special consideration to a State with respect to such filings.  Fed.R.App.P. 29.  Specifically, Federal Rule of Appellate Procedure 29 does not require a State to obtain consent of the parties or leave of the court.  <u>Id</u>.

    6.       Nonetheless, the State has sought the assent of the parties in this case.  The defendants have indicated that they do not oppose the State's motion.  The plaintiff indicated that it takes no position on the State's motion.

WHEREFORE, the State respectfully requests that the Court grant its motion for leave to file the contemporaneously-filed memorandum as *amicus curiae* and grant such other relief as it deems just and reasonable.

                                      Respectfully Submitted,

                                      THE STATE OF NEW HAMPSHIRE

                                      By Its Attorneys,

                                      JOHN M. FORMELLA
                                      ATTORNEY GENERAL

November 7, 2024                     */s/ Christopher G. Aslin*
                                      Christopher G. Aslin, N.H. Bar No. 18285
                                      Senior Assistant Attorney General
                                      Environmental Protection Bureau
                                      New Hampshire Department of Justice
                                      1 Granite Place South
                                      Concord, NH  03301
                                      (603) 271-3679

## CERTIFICATE OF SERVICE

    I hereby certify that on November 7, 2024, I served the foregoing document electronically through the ECF system upon all counsel of record.

                                        */s/ Christopher G. Aslin*
                                        Christopher G. Aslin